# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30783

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2015

Lyle W. Cayce
Clerk

KENDALL GORDON,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2708

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

REAVLEY, Circuit Judge:*

Defendant Kendall Gordon was convicted in Louisiana court of second degree murder and sentenced to life in prison. This judgment has been affirmed by a Louisiana Court of Appeal and Supreme Court. This petition for habeas corpus is now denied.

The petition contends that the state court's affirmance of the conviction is an unreasonable application of the Supreme Court's decision in *Jackson v.*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30783

*Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), for the reason that the evidence most favorable to the state could not convince a rational trier of fact that the essential elements of the crime were proved beyond a reasonable doubt. The evidence in this case consisted solely of the identification of the defendant by a witness who subsequently recanted that testimony.

The evidence of identification was introduced at trial by the testimony of Darceleen Commadore and New Orleans police detective Barret Morton. It was essentially as follows. On August 8, 2009 two men with a gun and bandanas on their faces broke into the house where Commadore and her sister lived. Her sister was killed by them, and when they fell on Commadore and the bandanas fell off she saw their faces and identified one of them as the defendant Gordon. A few hours later at the detective's office Commadore detailed her identification. She explained that she and Gordon lived in the same area, she had sold clothes to him, and knew he had tattoos on his face and a gap in his teeth. She picked his picture out of six photos shown to her and insisted that she was a hundred percent certain that he was the man she had seen.

Another man named Bibbins had been killed soon after the murder of the sister. The bullets that killed Bibbins and the sister of Commadore were fired by the same weapon. His picture was then shown among six others to her, and she pointed to him as a man she was only ninety percent sure to have been an intruder that night.

Some four months later Commadore went to the office of the district attorney to say that she had been mistaken about the identification of Gordon, and she testified at trial that she thought earlier it was Gordon but later knew it was not. She denied being threatened but said she had heard "on the street like if this person is going to get out of jail this person going to do me this…."

2

No. 13-30783

Trial was to the bench and the judge found Commadore's testimony about her changed opinion not to be credible and the detective to be credible.

This is a case where the original identification met the tests of reliability: her full view of the perpetrator at the time of the crime, prior observation and personal contacts, knowledge of tattoos and teeth of the person, and immediate and continuing certainty of the identification. *See Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 382 (1972).

The finding of identification of the defendant was supported by the evidence. His guilt of the crime beyond a reasonable doubt could be, and was, found by a rational trier of the facts.

PETITION DENIED.